UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                        Case No.: 8:19-cr-589-WFJ-AEP

KENNY GEOVANNY ROSADO-
QUIJIJE
_____/

**ORDER**

Citing Amendment 821 to the United States Sentencing Guidelines, Kenny Geovanny Rosado-Quijije, USM#: 73177-018, moves (Dkt. 268) unopposed for a reduction in sentence. Amendment 821, Part B, amends Section 4C1.1, United States Sentencing Guidelines, to permit a two-level decrease to a defendant's offense level if a defendant satisfies the criteria in Section 4C1.1(a), including the absence of a criminal history point under Chapter 4.

Under 18 U.S.C. § 3582(c)(2), an incarcerated defendant's prison sentence might warrant a retroactive reduction if the advisory sentencing range on which the defendant's sentence was based "has subsequently been lowered by the Sentencing Commission . . . [and] if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Under 28 U.S.C. § 994(u), if the Sentencing Commission lowers the advisory sentencing range for a "particular offense or category of offense," the Sentencing Commission must "specify in what

circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced." Section 1B1.10, United States Sentencing Guidelines, expressly permits a retroactive reduction for an incarcerated defendant to whom Amendment 821 applies, but any reduction cannot decrease a sentence below the time that the defendant "has already served."

Accordingly, because Amendment 821 lowers the advisory sentencing range for a defendant without, among other things, a criminal history point, Section 3582, Section 994(u), and Section 1B1.10 permit a reduction in an incarcerated defendant's prison term if at sentencing the defendant had no criminal history points, if the offense of conviction satisfies the criteria in Section 4C1.1(a), and if a reduction is consistent with 18 U.S.C. § 3553(a).

On August 17, 2020, Kenny Geovanny Rosado-Quijije was sentenced to 102 months in prison under 46 U.S.C. §§ 70503(a), 70506(a) and (b) and 21 U.S.C. § 960(b)(1)(B)(ii) for conspiracy to distribute and to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to U.S. jurisdiction. Mr. Rosado-Quijije's total offense level was 33. He was assessed no criminal history points, and his criminal history was category I. Mr. Rosado-Quijije's advisory sentencing range was 135-168 months, and he received a sentence well below the guidelines range. The Court granted the Government's

5K1.1 motion for substantial assistance and departed downward two levels. The Bureau of Prisons reports that his projected release is March 6, 2026.

In accord with the Middle District of Florida's administrative order (Dkt. 115 in 3:21-mc-1-TJC) implementing Amendment 821, the United States Probation Office must submit a memorandum (1) that states whether a movant is eligible for a sentence reduction under Amendment 821 and (2) if the movant is eligible, that proposes a new advisory sentencing range based on the decrease authorized by Amendment 821. USPO submits a memorandum reporting that Kenny Geovanny Rosado-Quijije is eligible for a sentence reduction and that a two-level decrease based on Amendment 821 reduces the offense level to 31 and reduces his advisory sentencing range to 108-135. A comparable two-level downward departure, when applied to the amended guideline range, leaves a total offense level of 29 and results in an amended guideline range of 87-108 months.

The Federal Defender appears, confirms Mr. Rosado-Quijije's eligibility for a reduction, and moves unopposed to reduce his sentence to 87 months (a 15-month reduction in sentence), which is at the bottom of the amended guideline range accounting for a comparable departure. Counsel requests consideration of post-sentencing conduct and the lack of public safety concerns in determining whether a reduction is warranted. U.S.S.G. 1B1.10, comment. (n.1(B)(ii)(iii)). Counsel argues that Defendant has had no disciplinary violations, he has

completed educational programming with satisfactory work performance evaluations, and the Government's failure to appeal the 102-month sentence indicates that Defendant does not pose a public safety concern.

The Court's discretion is guided by the sentencing factors in 18 U.S.C. § 3553(a) and the Court finds the factors militate against a reduction. This was a large cocaine smuggling case involving one go-fast vessel (the Camilita) and two other boats—a refueler and boat "X." Dkt. 265 at 6–7. This Defendant, as captain of boat X, left Ecuador with his co-defendant Fortun-Caballero to meet up with the Camilita to transfer and consolidate the cocaine onto the Camilita. *Id*. at 7. After both boat X and the refueling vessel had issues, all eight defendants in this case ended up on the Camilita carrying 708 kilograms of cocaine. *Id*. at 7, 10. The U.S. Coast Guard intercepted the Camilita in international waters southwest of La Palma Sola, Mexico. Dkt. S-140 at 6. This was not the first drug smuggling venture undertaken by Defendant as captain of a vessel. Dkt. 265 at 11.

At sentencing, the Government asked for a guideline sentence of 135 months, which is at the top of a two-level reduction to 31 (108—135). *Id*. at 11. Defense counsel argued for an additional three-level reduction to a level 28 (78 to 97 months). *Id*. at 15–16. Defendant received a generous downward departure (102 months), which is the just and proper sentence in this case. This was a vast drug smuggling venture initially involving three vessels with almost three-quarters

4

of a ton of cocaine, and Defendant was an experienced captain who made a prior trip to Mexico involving 600 kilograms of cocaine. Dkt. S-140 at 6.

18 U.S.C. § 3553(a)(1) requires the sentence to reflect the nature and circumstances of the offense. Any further reduction would not properly "reflect the seriousness of the offense" or "promote respect for the law." *See id.* at (2)(A). The sentences courts impose (and the sentences courts reduce) have an effect upon deterrence (see *id.* at (2)(B)) and deterrence would be impaired by this proposed reduction. While the Court weighs his lack of disciplinary violations in prison and the contention that Defendant does not pose a danger to the community, the factors just discussed count against any further reduction. Lastly, Defendant will most likely be deported to Ecuador upon release.

Mr. Kenny Geovanny Rosado-Quijije's motion (Dkt. 268) for a reduction in sentence is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida on June 27, 2025.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE